FILED
SUPERIOR COURT
OF GUAM

2018 MAR 23 PM 4: 21

CLERK OF COURT

By: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GERALDINE D. CRUZ, | ) Child Support Case No. CS1002-97 |
| Plaintiff(s), | ) |
| vs. | ) RECOMMENDED FINDINGS |
| | ) AND ORDER |
| JESSE J. ROJAS, | ) |
| Defendant(s). | ) |

## INTRODUCTION

This case is before the Judicial Hearings Division of the Superior Court of Guam on the Motion to Continue Child Support Order and to Enforce Arrears pursuant to 5 GCA §34105.2 from the Office of the Attorney General, Child Support Enforcement Division ("CSED"). This Motion was made on November 11, 2017.

## DISCUSSION

The law allows child support to continue beyond a child's age of majority to graduation from high school under 5 GCA §34105.2(a). This provides that the Custodial Parent must notify CSED that the child is still in high school, and must also provide a certification from the child's school. The Custodial Parent must notify CSED no later than thirty days prior to the child's 18th birthday.

In this case, it is undisputed that the Custodial Parent missed the deadline for notification to CSED by eight days. The Custodial Parent notified CSED on July 24, 2017, but the youngest child turned 18 on August 16, 2017. In similar cases, the requirements for meeting the extension under §34105.2(a) have been strictly construed. In *Stahli v. Johnson*, Superior Court of Guam Child Support Case CS0816-96, the Hearing Officer held that the statute allowing the extension of child support until high school graduation must be strictly construed. In that case, the Custodial Parent had notified CSED within the 30-days-prior-to-majority requirement, but did not meet the second requirement – that of providing proof from the school in which the child is enrolled of the date of graduation. In *Stahli v. Johnson*, failure to comply with the second part of the statutory requirement for extension of child support was fatal to the Motion to Extend. Relying on cases that require plain statutory construction, the Superior Court in that case held that "the statute unambiguously establishes that a custodial parent must meet both the thirty-day cutoff and a present proof of enrollment in school in order for the court to grant an extension." *Stahli v. Johnson* Findings and Recommended Order, December 12, 2016, p.4. The plain statutory requirements were not met in that case, and they have not been met here.

The record in this case reveals that CSED terminated the Non-custodial Parent Rojas's child support obligation of $942.04 a month by filing a Termination of Income Withholding Order on October 16, 2017. Also on that date, the Defendant was told that his child support obligation would terminate. Later, on November 17, 2017, CSED filed a Motion to Extend Child Support pursuant to §34105.2.

Therefore, CSED waited at least two months beyond the child's age of majority before they stopped collecting child support terminated Defendant's child support obligation. Four

months after the Plaintiff provided notice to CSED of the child being in school, CSED finally filed the Motion to Extend. These delays have consequences that are often profound. For instance, in *Stahli v. Johnson*, the failure to stop collecting child support resulted in CSED over-collecting $8,619.60 from the non-custodial parent and disbursing it to the custodial parent; this is memorialized in an Order of March 2, 2018. The custodial parent now must pay back $8,619.60 to the Defendant at $100.00 per month (*See* minutes of February 15, 2017; minutes of August 18, 2017, Superior Court of Guam Child Support Case No. CS816-96). At this rate, it will take Defendant more than seven years to be made whole by this mistake. Grave financial consequences result from not attending to deadlines – for instance, not terminating child support when the legal obligation has been terminated, or not meeting the deadline for extension of child support through high school.

## CONCLUSION:

` Counsel for CSED had been invited to provide legal authority to the court allowing the court to apply a different result than dictated by *Stahli v. Johnson*, in the event such legal authority existed. CSED's brief did not provide any argument or authority that distinguishes this situation. Absent any such argument or authority, the Motion to Extend is **DENIED.**

This matter is scheduled to come before the court on March 26, 2018, for a status hearing on the Motion to Extend. Defendant filed a Request for Continuance on March 19, 2018, of the March 26 hearing because he will be off-island. Since the Motion to Extend has been resolved, there is no reason to come back before the tribunal on March 26, 2018. The Defendant's Request for Continuance is moot; the March 26, 2018 hearing is hereby vacated.

/ /

/ /

CSED is directed to take appropriate actions to close this case, which will presumably be a Motion to Dismiss with financial information indicating that any overpayments made by Defendant have been returned to him.

SO ORDERED this 23 day of March, 2018.

_____
**B. ANN KEITH**
**Administrative Hearing Officer,**
**Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of: AG.

_____
Date: 3-23  Time: 4:30pm

Deputy Clerk, Superior Court of Guam